# EXHIBIT D

1

1 - 24

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff,<br><br>-V-<br><br>WILLIE HESTER and<br>NORMAN BARNES,<br>　　　　　　　　Defendant. | MAGISTRATE DOCKET NO.<br>04-00817-MBB |

DETENTION HEARING
BEFORE THE HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

April 29, 2004

Boston, Massachusetts

For the United States:

　　MICHAEL J. PELGRO, ESQ.
　　DAVID TOBIN, ESQ.
　　Office of the United States Attorney
　　1 Courthouse Way
　　Boston, MA 02210
　　(617) 748-3100

For Defendant Willie Hester:

　　SYRIE D. FRIED, ESQ.
　　Federal Defender's Office
　　408 Atlantic Ave., Third Floor
　　Boston, MA 02210
　　(617) 223-8061

For Defendant Norman Barnes:

　　JONATHAN SHAPIRO, ESQ.
　　Stern, Shapiro, Weissberg & Garin
　　90 Canal Street, Suite 500
　　Boston, MA 02114-2022
　　(617) 742-5800

Proceedings recorded by electronic sound recording, transcript produced by Apex Reporting.

*APEX Reporting*
(617) 426-3077

1   Court to rely on Ellard as some kind of a truth teller, that
2   is really a fairly -- that's asking the Court to carry a lot
3   of water, it would seem to me.  Particularly, where the
4   whole tenor of Ellard's post-arrest statements are designed
5   to minimize his own conduct and to put the blame on
6   everybody else.  I mean, his statement goes to great pains
7   to put everybody else on the scene, to attribute some role
8   to every one of them and to put himself, simply, in this
9   low-level role of a go between.
10            With respect to Mr. Barnes, for example, he
11  attempts to make Mr. Barnes the person who was controlling
12  the disposition of the drugs.  He attempts to make
13  Mr. Hester as the person who is directing where the drugs
14  are to be found.  Mr. Robinson was the person who actually
15  retrieves the drugs.  Everybody's got a role.  Everybody's
16  got a role, according to Mr. Ellard.
17            So he -- his statements simply are not reliable.
18  So I would -- and I would ask the Court not to consider
19  them, anyway, aside from the other
20  evidentiary/constitutional objections to those statements.
21            With respect to detention, if the Court finds that
22  probable cause is shown on these facts, we would submit to
23  an order of voluntary detention without prejudice.
24            THE COURT:  All right.  All right, at this time I
25  make a finding as to both defendants that there's probable

1  cause to believe they've committed the crime as charged in
2  the criminal complaint.  I'll enter an order of voluntary
3  detention, without prejudice, as to your client, Ms. Fried.
4          MS. FRIED:  Thank you, your Honor.
5          THE COURT:  And as to Mr. Shapiro, I'll take the
6  matter under advisement.
7          MS. FRIED:  Oh, finally, actually, there was one
8  other point I did want to -- question I wanted to raise.
9          At the initial hearing in this case -- or the
10 initial appearance in this case, I believe the government
11 asked for the ten day period, up and to last Monday, on the
12 ground that there was going to be some inquiry made about
13 whether Mr. Hester was subject to have revocation of his
14 bail on any of the state court -- by any of the state court
15 authorities.  And I've heard no report about whether or not
16 the government did what the statute directs them to do in
17 that situation.  Otherwise, this should have been a
18 situation where the hearing was held last week and not this
19 week.
20         THE COURT:  Can you bring us up to date?
21         MR. PELGRO:  Yes, your Honor, I've had extensive
22 contact with the Suffolk District Attorney's Office, not
23 only with regard to Mr. Hester, but to several of the
24 defendants here.  And although the government, the U.S.
25 Attorney's Office, was actually requesting that they revoke