# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                           )<br>)<br>(1) ADAM ELLARD              )<br>(2) WILLIE HESTER            )<br>(3) TAVON ROBINSON           )<br>(4) STEVEN TUCKER            )<br>(5) NORMAN BARNES            )<br>        Defendants.          )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              )<br>                              ) | **04** CR **1016 8 PBS**<br>CRIMINAL NO.<br><br>**VIOLATIONS:**<br><br>21 U.S.C. § 846 -<br>Conspiracy to Possess with Intent<br>to Distribute, and to Distribute,<br>Cocaine<br><br>21 U.S.C. § 841(a)(1)-<br>Possession With Intent To<br>Distribute and Distribution of<br>Cocaine Base<br><br>21 U.S.C. § 841(a)(1) -<br>Possession With Intent To<br>Distribute and Distribution of<br>Cocaine<br><br>18 U.S.C. § 2 -<br>Aiding and Abetting<br><br>18 U.S.C. § 922(g)(1) -<br>Felon in Possession of a Firearm<br><br>18 U.S.C. § 924(c)(1) - Possession<br>of a Firearm in Furtherance of<br>a Drug Trafficking Offense<br><br>21 U.S.C. § 853 -<br>Criminal Forfeiture Allegation |

**INDICTMENT**

**COUNT ONE:**     **(21 U.S.C. § 846 - Conspiracy to Possess with**
                 **Intent to Distribute, and to Distribute, Cocaine)**

The Grand Jury charges that:

   In or about April 2004, at Boston and elsewhere in the

District of Massachusetts,

        **1. ADAM ELLARD**

      **2. WILLIE HESTER**
      **3. TAVON ROBINSON**
      **4. STEVEN TUCKER, and**
      **5. NORMAN BARNES**

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with other persons unknown to the Grand Jury, to distribute, and to possess with intent to distribute, cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

    All in violation of Title 21, United States Code, Section 846.

<u>COUNT TWO</u>:         (21 U.S.C. §841(a)(1)- Possession with Intent to Distribute, and Distribution of, Cocaine Base)

The Grand Jury further charges that:

On or about March 9, 2004, at Boston, in the District of Massachusetts,

**1. ADAM ELLARD**

defendant herein, did knowingly and intentionally distribute, and possess with intent to distribute, cocaine base, commonly known as "crack" cocaine, a Schedule II controlled substance.

The Grand Jury further charges that the offense described herein involved 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii).

All in violation of Title 21, United States Code, Section 841(a)(1).

<u>COUNT THREE</u>:  (21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute, and Distribution of, Cocaine; 18 U.S.C. § 2 - Aiding and Abetting)

The Grand Jury further charges that:

On or about April 12, 2004, at Boston, in the District of Massachusetts,

      1. **ADAM ELLARD**,
      2. **WILLIE HESTER**,
      3. **TAVON ROBINSON**,
      4. **STEVEN TUCKER**, and
      5. **NORMAN BARNES**

defendants herein, did knowingly and intentionally distribute, and possess with intent to distribute, cocaine, a schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT FOUR:**     (18 U.S.C. § 922(g)(1) - Felon in Possession of Firearms)

The Grand Jury further charges that:

On or about April 12, 2004, at Boston, in the District of Massachusetts,

**3. TAVON ROBINSON**

defendant herein, did knowingly and intentionally possess firearms, to wit: (1) a Ruger P89, nine-millimeter semi-automatic pistol bearing serial number 315-10946 and (2) a Lorcin nine-millimeter semi-automatic pistol bearing serial number L105037, in and affecting foreign and interstate commerce, after having been convicted in a court of a crime punishable by a term exceeding one year.

All in violation of Title 18, United States Code, Section 922(g)(1).

**COUNT FIVE:**     (18 U.S.C. § 924(c)(1)(A) - Possession of a Firearm In Furtherance of a Drug Trafficking Offense)

The Grand Jury further charges that:

On or about April 12, 2004, at Boston, in the District of Massachusetts,

### 3. TAVON ROBINSON,

defendant herein, did knowingly and intentionally possess firearms, to wit: (1) a Ruger P89, nine-millimeter semi-automatic pistol bearing serial number 315-10946 and (2) a Lorcin nine-millimeter semi-automatic pistol bearing serial number L105037, in furtherance of drug trafficking crimes, to wit: the offenses alleged in Counts One and Three of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1).

**FORFEITURE ALLEGATION:**   (21 U.S.C. § 853)

The Grand Jury further charges that:

    1.   As a result of the offenses alleged in Counts 1 through 5 of this Indictment,

        **1. ADAM ELLARD,**
        **2. WILLIE HESTER,**
        **3. TAVON ROBINSON,**
        **4. STEVEN TUCKER, and**
        **5. NORMAN BARNES,**

defendants herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations.

    2.   If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants -

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the Court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
DAVID G. TOBIN
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS; May 27, 2004 @ 4:22 PM

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK