# EXHIBIT G

 

# MEMORANDUM

| | |
|---|---|
| **To:** | The Honorable Marianne B. Bowler, Chief U.S. Magistrate Judge |
| **cc:** | David Tobin, Assistant U.S. Attorney |
| | Jonathan Shapiro, Defense Counsel |
| **From:** | Joshua Ulrich, U.S. Pretrial Services Officer |
| **Re:** | Norman Barnes, CR#04-10168-05-PBS |
| **Date:** | August 6, 2004 |

On August 5, 2004, at Your Honor's direction, this officer interviewed the defendant's aunt, Victoria Madison, as a proposed third party custodian. Attorney Lillian Hirales was present during the interview. Ms. Madison's mother, Lilian Kenny, verified information.

Victoria Madison, age 39, was born on September 28, 1964 in Suffolk, Virginia (verified by Ms. Kenny). She moved with her family to Massachusetts at age two. Ms. Madison attended local schools and graduated from Boston English High School in 1982 (unverified). The proposed third party custodian dated Steven Molloy, age 38, from 1985 to 1986. One child, Steven Molloy, Jr., age 18, was born to this union. Ms. Madison advised that she does not know where Mr. Molloy is living and how he supports himself. The child continues to reside with her.

The proposed third party custodian dated Michael Harding, Sr., age 37, in 1989. One child was born to this union, Michael Harding, Jr., age 15. Mr. Harding owns and operates a restaurant in Cambridge, Massachusetts (unverified). The child lives with Ms. Madison.

Ms. Madison indicated that beginning in (approximately) 1990, she began dating her current husband, George Brown, age 46. The couple married on July 28, 1995, and four children have been born to this union. The children are Linanel Brown-Madison, age 12; Claude Brown-Madison, age 11; Justin Brown-Madison, age 9; and Lucky Brown-Madison, age 7 (verified by Ms. Kenny). All of Ms. Madison's children are reported to be healthy, and all of them live with her and her husband (verified by Ms. Kenny). Mr. Brown, the proposed third party custodian's husband, works as a house painter. He has one adult child from a previous relationship.

The Honorable Marianne B. Bowler     -2-    August 6, 2004
RE: Norman Barnes

Ms. Madison stated that she has never traveled outside of the U.S. She indicated that she does not own a passport or any firearms/firearms licenses. She has no prior military service (verified by Ms. Kenny).

**Residence**: The proposed third party custodian has been living in her house located at 184 Perkins Avenue in Brockton, Massachusetts for the past two months. She lives with her husband and six children (verified by Ms. Kenny). Prior to this residence, Ms. Madison lived at 20 West Park Street in Brockton, Massachusetts for six months. Before the Park Street apartment, she lived at 62 Market Street in Brockton, Massachusetts for six years, and before that, she lived at 20 Tobin Court in Boston, Massachusetts for six years (verified by Ms. Kenny).

**Family Ties**: The proposed third party custodian's father, Benny Madison, died five years ago from cirrhosis of the liver (verified by Ms. Kenny). Her mother, Lilian Kenny, age 67, lives in Dorchester, Massachusetts, and subsists off of disability payments. The proposed third party custodian has one natural sibling: Sophia Barnes, age 37. She lives in Dorhcester, Massachusetts and lives off of disability income. The proposed third party custodian has six maternal half-siblings. They are Lynn Barnes, age 49, who works as a registered nurse and lives in Rhode Island; Lilian Barnes, age 45, who lives in Roxbury, Massachusetts, and works as a housing manager; Gayle Barnes, age 44, who lives in Roxbury and subsists off of disability payments; Willie Barnes, age 43, who is a construction worker living in Roxbury; Vicky Barnes, age 42, who lives off of disability payments and lives in Roxbury; and Cathy Barnes, age 41, who also lives in Roxbury and receives disability payments.

**Employment**: Ms. Madison advised that she has been working as a certified nurse's assistant at the Brockton VA Hospital in Brockton, Massachusetts for the past four-and-a-half years. She works the 7:30 a.m. to 4:00 p.m. shift. From 1986 to 1997, she lived off of AFDC benefits. Ms. Madison noted that she also receives a total of $800 per month in child support payments from two of her children's fathers.

**Financial Resources**: The proposed third party custodian stated that she has approximately $18,000 equity in her home (unverified). She reported that she has a total of $400 in a Harbor One Bank account. Ms. Madison indicated that she has no other assets. Regarding living expenses, the proposed third party custodian noted that she pays $1,944 per month toward her household mortgage, $500 per month in utilities, and $32 per month for telecommunication services (unverified). It should be noted that Ms. Madison indicated that she is not willing to post collateral in order to secure a bond for the defendant's release.

**Health**: Ms. Madison advised that she is in good health. She stated that she has never used illegal drugs (verified by Ms. Kenny).

The Honorable Marianne B. Bowler  -3-  August 6, 2004
RE: Norman Barnes

**Criminal Record**: See attached record. Ms. Madison provided a letter from the Massachusetts Criminal History Systems Board indicating that there are likely discrepancies regarding the proposed third party custodian's criminal record (see attached). Ms. Madison stated that due to the defendant's mother (her sister) using her [Ms. Madison's] identity, she has a substantial criminal record. However, the proposed third party custodian indicated that she was arrested only once–for a 1992 Disorderly Conduct case that was ultimately dismissed (unverified).

**Recommendation**: While Ms. Madison's criminal record issue remains unresolved, it is this officer's opinion that the defendant should not be released for the reasons set forth in the Pretrial Services Report recommendation (see attached). Furthermore, even if the proposed third party custodian had no criminal convictions (which this officer is inclined to believe), the defendant would continue to pose a serious danger to the community.

The proposed third party custodian not only works full time, but she is actively involved in raising six children. She expressed an unwillingness to assume any financial liability in securing the release of the defendant. While Ms. Madison may well be a responsible, hard working citizen, it is this officer's opinion that (1) she is not a suitable candidate to serve as a custodian; and (2) the defendant remains a danger and a flight risk under any conditions.

Respectfully submitted

Joshua Ulrich
U.S. Pretrial Services Officer

Attachments

Reviewed by

John Riley
Chief U.S. Pretrial Services Officer