# EXHIBIT A



U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

December 6, 2004

James J. Coviello, Esq.
281 Beach Street
Revere, MA 02151

FILED
In Open Court
USDC, Mass.
Date 12-23-04
By
Deputy Clerk

Re: <u>United States v. Adam Ellard</u>
    Criminal No. 04-CR-10168-PBS

Dear Mr. Coviello:

   This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Adam Ellard ("Ellard"), in the above-captioned case. The Agreement is as follows:

   1.   <u>Change of Plea</u>

   At the earliest practicable date but not later than December 30, 2004, Ellard shall plead guilty to all counts in which he is named in the above-captioned Superseding Indictment. Ellard expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in counts one, two, and three of the above-captioned Superseding Indictment, and is in fact guilty of those offenses.

   2.   <u>Penalties</u>

   Ellard faces a maximum statutory sentence of life imprisonment, a $4,000,000 fine, a period of supervised release for eight years to life, and a special assessment of $300. Ellard also faces a mandatory minimum sentence of ten years imprisonment. The government has previously filed notice of defendant's prior felony drug conviction pursuant to 21 U.S.C. § 851.

   If the Ellard is not a citizen of the United States, he may

also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

3. <u>Sentencing Guidelines</u>

The parties will take the following position at sentencing under the United States Sentencing Guidelines:

Ellard is a "career offender" pursuant to U.S.S.G. § 4B1.1(a). Ellard's Base Offense Level (BOL) is 37 and his Criminal History Category (CHC) is VI.

The parties agree to take the position that Ellard should not receive an enhancement or a reduction to his BOL based on his role in the offense conduct.

Based on Ellard's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Ellard's BOL.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Ellard:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Ellard is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Ellard is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Ellard has obstructed or impeded the

2

>    administration of justice under U.S.S.G. § 3C1.1;
>
> (g) Intentionally fails to appear in Court or violates any condition of release;
>
> (h) Commits a crime;
>
> (i) Transfers any asset protected under any provision of this Agreement; and/or
>
> (j) Attempts to withdraw his guilty plea.

Ellard expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Ellard expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Ellard obstructs justice after date of this Agreement.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

> (a) A term of incarceration within the applicable Guideline Sentencing Range;
>
> (b) A fine within the applicable fine range unless the Court finds pursuant U.S.S.G. § 5E1.2(e) that Ellard is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;
>
> (c) A term of supervised release of 8 years;
>
> (d) A mandatory special assessment of $300.

The U.S. Attorney and Ellard agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Ellard will seek a departure on any ground from the Sentencing Guidelines. The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should any of Ellard's prior state convictions be vacated

3

subsequent to the execution of this Agreement.

Ellard waives any claim he has under <u>Apprendi v. New Jersey</u>, <u>Blakely v. Washington</u>, under the Fifth or Sixth Amendment to the United States Constitution, and on any other basis (whether statutory, constitutional, or otherwise) to have the facts underlying any guideline determination made by a jury beyond a reasonable doubt. Ellard understands and agrees after consultation with his attorney that the Court will make all sentencing determinations at sentencing by a preponderance of the evidence and acknowledges that his counsel has explained the difference in the standards of proof that could apply in this case. Ellard states that he is making this waiver knowingly and intelligently and with the understanding that it will not be affected by any subsequent change in the applicable legal principles.

In the event of an appeal from, or collateral challenge to, Ellard's sentence, the U.S. Attorney reserves his right to argue the correctness of Ellard's sentence and the manner in which the District Court determines it.

5. <u>Payment of Mandatory Special Assessment</u>

Ellard agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Ellard establishes to the satisfaction of the Court that Ellard is financially unable to do so.

6. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Ellard is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Ellard is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Ellard knowingly and voluntarily waives his right to appeal or collaterally challenge:

> (1) Ellard's guilty plea and any other aspect of Ellard's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and

4

issues;

(2) The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the parties with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines or application of minimum mandatory sentences; and

(3) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorney or Ellard with regard to the application of the U.S. Sentencing Guidelines or application of minimum mandatory sentences.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Ellard agrees not to seek to be sentenced or resentenced with the benefit of any successful collateral challenge of any counseled criminal conviction that exists as of the date of this Agreement.

Ellard's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7. Cooperation

   a. Terms of Cooperation

Ellard agrees to cooperate fully with law enforcement agents and government attorneys. He must provide complete and truthful information to all law enforcement personnel. If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial. Ellard must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. He must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, he must furnish all documents, objects and

5

other evidence in his possession, custody or control that are relevant to the government's inquiries.

Ellard understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Ellard hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Ellard or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Ellard waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Ellard's cooperation is complete. Ellard understands that the date of Ellard's sentencing is within the sole discretion of the Court and that this Agreement may require Ellard's cooperation to continue even after Ellard has been sentenced. Ellard's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Ellard.

    b.   <u>Substantial Assistance Motion</u>

In the event that Ellard provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1, and if the U.S. Attorney determines it to be appropriate, 18 U.S.C. § 3553(e) so that the sentencing court may impose a sentence below that which otherwise would be required under the Sentencing Guidelines and the relevant statutes. The determination whether Ellard has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Ellard violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 7(a) above, or engages in any criminal conduct after the date he signs this Agreement. The U.S. Attorney reserves the right, in his sole discretion, to file a motion under U.S.S.G. § 5K1.1 but not under 18 U.S.C. § 3553(e). Ellard may not withdraw his plea if the U.S. Attorney determines that Ellard has not rendered substantial assistance, if the U.S. Attorney determines to file a motion under U.S.S.G. § 5K1.1 but not under 18 U.S.S.G. § 3553(e), or if the Court refuses to grant

6

the U.S. Attorney's motion for a downward departure.

    c.   <u>Sentence Recommendation with Substantial Assistance</u>

If Ellard provides substantial assistance, subject to all the provisions of paragraphs 7(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Ellard.

The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Ellard's sentencing.

    d.   <u>Letter Immunity</u>

In return for Ellard's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Ellard pursuant to this Agreement or pursuant to the proffer letter dated April 26, 2004 (or any information directly or indirectly derived therefrom) against Ellard in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Ellard pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Ellard or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Ellard has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Ellard for any and all offenses that could be charged against him in the District of

7

Massachusetts, including, but not limited to, false statements and perjury.

8. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Ellard faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Ellard's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Ellard may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Ellard withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Ellard may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

10. <u>Rejection of Plea By Court</u>

Should Ellard's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Ellard, this Agreement shall be null and void at the option of the U.S. Attorney.

11. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Ellard has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Ellard, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this

Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Ellard recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Ellard understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Ellard before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated April 26, 2004 without any limitation. In this regard, Ellard hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

12. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated April 26, 2004. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated April 26, 2004. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Ellard, please have Ellard sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney David G. Tobin.

9

```
             Very truly yours,

             MICHAEL J. SULLIVAN
             United States Attorney

By: _____
             JAMES B. FARMER
             Assistant U.S. Attorney
             Chief,
             Criminal Division

             STEPHEN P. HEYMANN
             Assistant U.S. Attorney
             Deputy Chief,
             Criminal Division

             DAVID G. TOBIN
             Michael J. Pelgro
             Assistant U.S. Attorneys
```

10

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts regarding this matter. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
ADAM ELLARD
Ellard

Date: 10/23/04

I certify that ADAM ELLARD has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
JAMES J. COVIELLO, Esq.
Attorney for Ellard

Date: 10/23/04

11