# EXHIBIT B

## REPORT OF INVESTIGATION

Page 1 of 3

| 1. Program Code | 2. Cross File | Related Files | 3. File No. | 4. G-DEP Identifier |
|---|---|---|---|---|
| MET/100 | ☐ | | ███ | ███ |
| 5. By: S/A Timothy Desmond  At: Boston, Ma | ☐ ☐ ☐ ☐ | | 6. File Title ███ | |
| 7. ☐ Closed  ☐ Requested Action Completed  ☐ Action Requested By: | | | 8. Date Prepared  05/06/2004 | |

9. Other Officers: S/A Steve Story, TFA's Amauris Calcano, Maurice Aguiler, Sean Conners James Marr

10. Report Re: Post Arrest Statements of Adam ELLARD on 04/12/2004 relative to Acquisition of Ex's 76,77,78,79,80 on 04/12/2004.

### SYNOPSIS

On 04-12-2004, DEA Agents, Cape Ann Drug Task Force Detectives, and a Boston Police Department Detective arrested five (5) individuals at the Bickford's parking lot, South Bay Plaza, Dorchester, Ma after selling an undercover DEA Agent approximately one ounce of cocaine. A search of the vehicles revealed three (3) semi automatic pistols and numerous drug and non-drug exhibits. One individual Adam ELLARD gave the following post arrest statements.

### DETAILS

1. On 04-12-2004 Members of DEA Met, Cape Ann Drug Task Force Detectives, and a Boston Police Department Detective arrested Adam ELLARD on a Federal Arrest Warrant issued by U.S. District Court Chief U.S. Magistrate Judge Marianne B. Bowler for the District of Massachusetts. After ELLARD was arrested, he was advised of his constitutional rights by TFA Marr and agreed to speak to agents. ELLARD stated the following: At approximately 12:00 PM ELLARD called S/A DiTullio (hereinafter referred to as the U/C) to set up the deal. The U/C stated he would be at South Bay Plaza (Dorchester, Ma) at 5:30 P.M. At approximately 12:15 P.M. ELLARD stated he began calling different dealers from his home in order to set up the 62 grams of rock cocaine (crack cocaine) deal. ELLARD wanted to sell 56 grams (crack cocaine) to the U/C and pocket 6 grams (rock cocaine) for himself as profit.

| 11. Distribution: | 12. Signature (Agent) | 13. Date |
|---|---|---|
| Division | S/A Timothy Desmond | |
| District | 14. Approved (Name and Title)  Richard W. Guerard Jr.  Group Supervisor | 15. Date |
| Other | | |

Form - 6
1996)

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

| REPORT OF INVESTIGATION *(Continuation)* | 1. File No. ▓▓▓ | 2. G-DEP Identifier ▓▓▓ |
|---|---|---|
| | 3. File Title ▓▓▓ | |
| 4. Page 2 of 3 | | |
| 5. Program Code MET/100 | 6. Date Prepared 05/06/2004 | |

2. At approximately 6:00 P.M. ELLARD called 617-320-7174 in order to get a ride to South Bay Plaza (Dorchester, Ma). ELLARD stated a female named LAURA answered the phone, he asked her if her boyfriend had the 62 grams (crack cocaine). ELLARD stated he called LAURA because she had told ELLARD in the past her man had the good stuff (crack cocaine). ELLARD stated he negotiated with LAURA's boyfriend for 62 grams (crack cocaine) for $1,950.00 (U.S. Currency). ELLARD stated that LAURA's boyfriend told him he would pick up ELLARD at 84 Shepton St, Dorchester, Ma within 15 minutes.

3. At approximately 6:30 P.M. ELLARD stated LAURA's boyfriend picked him up in a Black Honda Civic (subsequently identified as Willy HESTER) and drove to the South Bay Plaza (Boston, Ma). ELLARD asked LAURA's boyfriend (HESTER) where the drugs are and he replied that they are in the car behind us. ELLARD stated that he told LAURA's boyfriend (HESTER) he is going to break off 6 grams (crack cocaine). At approximately 7:30 P.M. ELLARD and LAURA's boyfriend (HESTER) arrived at Bickford's parking lot (South Bay Plaza, Dorchester, Ma). ELLARD stated he met the U/C and counted the U/C money. ELLARD states U/C refuses to front the money and then walks to LAURA's boyfriend (HESTER) car. ELLARD states LAURA's boyfriend (HESTER) directed ELLARD to the rear seat passenger of the silver car (subsequently identified as Norman BARNES). ELLARD stated to the rear seat passenger (BARNES) that the U/C would not release the money until the product (crack cocaine) was exchanged. ELLARD stated that he talked to the driver of the silver car (subsequently identified as Tevon ROBINSON) about breaking off 6 grams (crack cocaine) for himself. ELLARD stated the driver of the silver car (ROBINSON) stated he did not know how to break off 6 grams off the rock (crack cocaine). ELLARD stated he told the driver of the silver car (ROBINSON) to just break off a chunk.

4. ELLARD stated the passenger in the silver car (subsequently identified as Steven TUCKER) said "No disrespect but this is getting fucked up"! ELLARD stated the driver of the silver car (ROBINSON) jumped out of the silver car and stated to ELLARD "that I'm gonna do this shit myself". ELLARD stated that he told the driver of the

Form - 6a
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

| REPORT OF INVESTIGATION<br>*(Continuation)* | 1. File No. ███ | 2. G-DEP Identifier ███ |
|---|---|---|
| | 3. File Title ███ | |
| 4. Page 3 of 3 | | |
| 5. Program Code<br>MET/100 | 6. Date Prepared<br>05/06/2004 | |

silver car (ROBINSON) not to go deal with the U/C because there was a money issue as to who gets what , "some of the money was his as well as some of the drugs". <u>ELLARD stated that the driver of the silver</u> car (ROBINSON) then reached under the hood of the silver car and walked over to the U/C vehicle. ELLARD stated shortly after he observed police vehicles approach the scene, he took off running.

## INDEXING

1. ELLARD, Adam - Naddis ███
2. ROBINSON, Tavon - Naddis ███
3. TUCKER, Steven - Naddis ███
4. BARNES, Norman - Naddis ███
5. HESTER, Willie - Naddis ███
6. LNU, Laura - Naddis ███

A Form - 6a
(Jul. 1996)

DEA SENSITIVE
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.