UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
UNITED STATES OF AMERICA,   )
    Plaintiff,              )
                                )
    v.                          )     CRIMINAL NO. 04-10168-PBS
                                )
NORMAN BARNES,              )
    Defendant.              )
_____)

## DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT

Defendant objects to the Presentence Report as follows:

¶¶ (2)-(4).  These paragraphs refer to conduct which is not relevant to defendant's offense.

¶(10).  Defendant objects to the statement insofar as it suggests that Hester told Ellard to talk to Barnes, or that Ellard talked to Barnes (among others), or that Barnes stated that they would not allow Ellard to bring the drugs over to UCA-1.

¶(11).  Defendant objects to the statement insofar as it suggests that Ellard engaged in conversation with Barnes (among others).

¶(12).  Defendant objects to statement insofar as it suggests that Robinson had a conversation with Barnes (as well as Tucker).

¶(19).  Defendant objects to this statement insofar as it suggests that the reason he did not attempt to escape was solely because he was unable to exit the vehicle.

¶(24).  Defendant objects to this statement insofar as it states that Barnes would not allow the drugs to go over to UCA-1's car until he saw the money.

¶(26)  Defendant objects to this statement to the extent that it suggests that Ellard pointed to Barnes and made the quoted statement.

¶¶(37-38).  Defendants objects to these statements in that they omit the facts, well-known to the government, that the automobile was equally accessible to Willie Hester, on his own and without the defendant, and that Hester frequently borrowed it.

¶(40-43).  Defendant objects because, although he has yet to see any original record of Ellard's proffer interviews, he has reason to believe that these paragraphs do not accurately state what Ellard reported at that time.  In any event, defendant denies the statements about him which are attributed to Ellard.

¶(53).  Defendant objects to the proposed two level increase for possession of a firearm.

¶(54).  Defendant is entitled to a two level reduction because he had a minor role.

¶(61).  Defendant objects to the 2 point criminal history score for the juvenile offenses of Receiving Stolen Property and Using a False Credit Card, committed when he was 14 years old.

¶(62).  Defendant states that this charge was reduced to simple possession of marijuana.

¶¶(65, 67-68).  Defendant states that a proper application of the Guidelines, including the encouraged departure authority under U.S.S.G. §4A1, 3(b), leads to a total Criminal History score of 6, and a Criminal History Category of III.

¶(126).  The guideline imprisonment range is 10-16 months.

> Respectfully submitted,
>
> /s/ Max D. Stern
> BBO NO. 479560
> Stern, Shapiro, Weissberg
>  & Garin, LLP
> 90 Canal Street, Suite 500
> Boston, MA 02114-2022
> 617-742-5800

Dated: February 8, 2005